### Commonwealth v. Fleming.

*Philadelphia—Parking ordinances—Validity and construction.*

1. The Philadelphia Ordinance of Dec. 16, 1925, Ord. p. 1073, which forbids parking on Chestnut Street between Delaware and Woodland Avenues, is a valid exercise of the police power.

2. Under the ordinance, the stop allowed is only for the time necessary to load or unload passengers or freight; hence, one who parks his car for a half hour, while he transacts business at his office, is guilty of violating the ordinance.

Appeal from summary conviction. Q. S. Phila. Co.

*J. H. Maurer*, Assistant District Attorney, for Commonwealth.

*Thomas C. Egan*, for defendant.

*Edwin M. Abbott*, for Police Department.

GORDON, JR., J., April 4, 1927.—This is an appeal from a summary conviction by a magistrate. The Ordinance of Dec. 16, 1925, relating to the parking in certain sections of the City of Philadelphia, forbids parking on Chestnut Street, between Delaware and Woodland Avenues, at any time of the day, in the following language: "That no vehicle of any character whatsoever shall park, stop or remain for a longer period than is necessary to load or unload passengers or merchandise on that portion of . . . Chestnut Street, between Delaware and Woodland Avenues," etc.

On the evening of Feb. 7, 1927, the defendant parked his car in front of his office on Chestnut Street, in the neighborhood of 16th Street, for a half hour. The magistrate found him guilty and imposed a fine of $5, provided by the ordinance for first offences. The defendant then took this appeal.

After hearing the evidence, we find the facts to be as stated. The contention of the defendant, however, is that, because it was necessary for him to stay a half hour in his office in order to transact his business, that was the time necessary to load or unload his vehicle of himself as a passenger within the meaning of the ordinance. This seems to us to be stretching the plain meaning of the ordinance out of all reason. To give such an interpretation to it would do violence to the plain meaning and intention of its language, and would defeat the very purpose it was passed to accomplish—the keeping open of the highway for the free passage of all vehicles. The stop allowed is only for the act of loading and unloading, and the highway must then be cleared immediately of the obstructing vehicle.

It is also contended that the ordinance is unconstitutional, in that it discriminates between property owners in one part of the city and those in another. This contention is equally without merit. The regulation of traffic on the public highway is clearly an exercise of legitimate police power (Com. v. Rinker, 4 D. & C. 357), and the classification of streets to which different regulations are to be applied upon the basis of the degree of congestion to be found in them is not an unconstitutional exercise of the power and is within the sound discretion of the law-making body. The individual must often yield his freedom of action when it comes in conflict with the rights and interests of others. This is especially true when he is using the public highways in which he has only a right and interest in common with the rest of the public.

We are satisfied that the ordinance is a valid exercise of the police power by the municipal legislature and that the magistrate properly fined the defendant. The appeal is, therefore, dismissed.